IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**Ashley Burress,**

    **Plaintiff,**

v.                                      Civil Action No.: 1:21cv173-SA-DAS
                                          **JURY DEMANDED**

**Walgreen Company,**

    **Defendant.**

## VERIFIED COMPLAINT FOR VIOLATION OF THE
## FAMILY & MEDICAL LEAVE ACT

COMES NOW Plaintiff Ashley Burress (herein after "Ms. Burress" or "Plaintiff"), by and through counsel, and for her Complaint against Walgreen Company (herein after "Walgreens" or "Defendant") states and alleges as follows:

### NATURE OF COMPLAINT

1. Plaintiff brings this action under federal law, specifically the Family & Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq*.

2. Plaintiff brings this action against Walgreens for interference with her rights under the FMLA.

3. Defendant's actions were in direct violation of the FMLA.

4. For said violations, Plaintiff is seeking compensation for back-pay, liquidated damages, and attorney's fees.

### PARTIES

5. Ms. Burress is an adult resident of Corinth, Alcorn County, Mississippi

6. Upon information and belief, Defendant is a Illinois-based corporation.

7. Defendant is registered to do business in Mississippi and may be reached for service through its registered agent, The Prentice-Hall Corporation System, 7716 Old Canton Rd, Suite C, Madison, Mississippi 39110.

## JURISDICTION & VENUE

8. This Court has original federal jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the FMLA, 29 U.S.C. § 2601 *et seq*.

9. Defendant is an Illinois-based corporation which maintains at least eighty-three stores in which it conducts business in the State of Mississippi and has sufficient minimum contacts in Mississippi so as to give this Court personal jurisdiction over it.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

11. Walgreens hired Ms. Burress on or about February 2006 as a Photo Specialist at its store located in Corinth, Mississippi.

12. In 2012, Ms. Burress attained her Pharmacy Technician license.

13. In 2014, Defendant promoted Ms. Burress to a full-time Senior Pharmacy Technician position.

14. On or about June 4, 2021, Defendant approved Ms. Burress's request to take off for two hours during her shift to pick up her son from daycare because he was running a high fever.

15. On July 26, 2021, Ms. Burress's son fell ill again.

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

16. On July 26, 2021, Ms. Burress requested and used another approved absence to take her son to the doctor.

17. During the July 26 visit, a doctor diagnosed Ms. Burress's son with Human Respiratory Syncytial Virus (RSV).

18. Ms. Burress's son was admitted into the hospital that same day.

19. From July 26, 2021 until July 29, 2021, Ms. Burress consistently apprised Defendant of her son's developing medical situation and explained that her son's medical needs caused her to be absent from work.

20. From July 26, 2021 until July 29, 2021, Defendant did not provide Ms. Burress with any FMLA information nor did Defendant take any action to begin the FMLA leave process on Ms. Burress's behalf.

21. Ms. Burress obtained a doctor's note explaining and excusing her inability to return to work until July 29, 2021.

22. On July 29, 2021, Ms. Burress returned to work as planned.

23. When Ms. Burress returned to work, Defendant immediately terminated Ms. Burress for "recurring unexcused absences."

## COUNT 1 – VIOLATION OF THE FMLA

24. Ms. Burress realleges and incorporates all allegations as if actually set forth herein.

25. The FMLA defines an "employer" as an entity "engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year." 29 U.S.C. § 2611.

26. At all relevant times, Walgreens employed more than 100,000 people and manufactured, shipped, and sold pharmaceutical supplies and other essential products; engaging in

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

interstate commerce.

27. Defendant also has employees working during the entire year exceeding the 20-calendar-workweek requirement.

28. Defendant is, therefore, a "covered employer" pursuant to the FMLA.

29. The FMLA defines an "eligible employee" as an employee who has been employed for at least twelve months by the employer and worked at least 1,250 hours in the previous twelve months. 29 U.S.C. § 2611(2).

30. Ms. Burress has worked for Walgreens since 2006 and, as a full-time employee, Ms. Burress exceeded the 1,250-hour requirement in the twelve months prior to invoking FMLA leave.

31. Therefore, at all relevant times, Ms. Burress was a "covered employee" for purposes of the FMLA.

32. The FMLA entitles an eligible employee to twelve workweeks of unpaid leave within any twelve-month period to "care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C).

33. Ms. Burress's son was hospitalized for a serious health condition, entitling Ms. Burress to take FMLA-protected leave to care for him.

34. When an eligible employee seeks leave for unforeseeable events, they must provide the employer with notice "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303 (a).

35. Ms. Burress provided Defendant with notice of her need for leave as soon as practicable when she requested an absence on July 26, 2021.

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

36. Ms. Burress further provided Defendant with notice when she maintained regular contact with Defendant and relayed information about her son's illness from July 26, 2021 until July 29, 2021.

37. When an employee gives notice and seeks FMLA leave, they are not required to "expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.303 (b).

38. Pursuant to the FMLA, an employee seeking leave only needs to "provide sufficient information for an employer to reasonably determine whether the FMLA may apply to the leave request." 29 C.F.R. § 825.303 (b).

39. Sufficient information can include informing the employer that the "employee's family member is under the continuing care of a health care provider . . . . " 29 C.F.R. § 825.303 (b).

40. Ms. Burress regularly updated Defendant about her need to miss work because of her son's serious health condition and hospitalization.

41. Ms. Burress acquired a doctor's note to demonstrate her need for leave to Defendant.

42. Ms. Burress's actions constitute sufficient information that reasonably should have put Defendant on notice that Ms. Burress was exercising or attempting to exercise her statutorily-protected FMLA rights.

43. Ms. Burress was not required to expressly assert or mention the FMLA when she requested FMLA-protected leave.

44. The FMLA prohibits employers from interfering with, denying, or restraining an employee's exercise of or attempt to exercise their FMLA rights. 29 U.S.C. § 2615(a)(1).

45. Any FMLA-eligible employee who takes leave that is protected under the statute shall be entitled, on return from such leave, to be restored by the employer to their former

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

position or its equivalent. 29 U.S.C. § 2614(a).

46. When Ms. Burress returned from her FMLA-protected leave, Defendant terminated her immediately.

47. Defendant's choice to terminate Ms. Burress for "recurring unexcused absences" and failure to recognize her FMLA leave constitutes a denial of and retaliation for Ms. Burress's exercise or attempt to exercise her FMLA rights.

48. Defendant knew of Ms. Burress's FMLA-protected reason for leave, her son's serious health condition.

49. It is reasonable to believe Defendant knew of Ms. Burress's FMLA right to take leave followed by reinstatement.

50. Defendant acted in blatant disregard of Ms. Burress's rights.

51. Defendant acted in bad faith by willfully and knowingly violating Ms. Burress's right to be reinstated to her former position or its equivalent as required by the FMLA and terminating her for taking or attempting to take FMLA leave.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

- A declaratory judgment that the practices complained of herein were unlawful under the FMLA.

- An award of money damages for unpaid wages, including back pay, and liquidated damages amounts to be determined at trial; attorney's fees; and any and all such legal and equitable relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to a jury trial.

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

Respectfully submitted,

/s/ John L. Hinkle, IV
John L. Hinkle, IV, Esquire,
MS Bar No. 100433
MARKOW WALKER, P.A.
Post Office Drawer
50 Oxford, Mississippi 38655
(662) 234-9899 (Telephone)
(662) 234-9762 (Facsimile)
jhinkle@markowwalker.com

*Attorney for Plaintiff*

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

## DECLARATION AND VERIFICATION

I, **Ashley Burress**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Ashley Burress*

**Ashley Burress**

Date: 11 / 17 / 2021

Doc ID: 62ab60a4cfed1be51243119feee29d1c2be5f0db

# HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Burress Complaint |
| **FILE NAME** | Burress Complaint (to be verified).pdf |
| **DOCUMENT ID** | 62ab60a4cfed1be51243119feee29d1c2be5f0db |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | • Completed |

## Document History

**SENT** — 11 / 17 / 2021 08:53:24 UTC-6
Sent for signature to Ashley Burress (ashleyburress1@gmail.com) from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED** — 11 / 17 / 2021 08:59:31 UTC-6
Viewed by Ashley Burress (ashleyburress1@gmail.com)
IP: 98.239.29.128

**SIGNED** — 11 / 17 / 2021 09:00:00 UTC-6
Signed by Ashley Burress (ashleyburress1@gmail.com)
IP: 98.239.29.128

**COMPLETED** — 11 / 17 / 2021 09:00:00 UTC-6
The document has been completed.

Powered by HELLOSIGN